UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID J. APODACA,

     Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

     Defendant.

NO.  1:16-cv-03008-SAB

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE**

     Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Richard A. Morris.

**I.    Jurisdiction**

     On April 19, 2013, Plaintiff filed a Title II application for disability insurance benefits (DIB). Plaintiff alleged he is disabled beginning March 8, 2011, due to posttraumatic arthrosis of the left and right ac joint.

     His application was denied initially on July 19, 2012, and again denied on reconsideration on December 5, 2012. A timely request for a hearing was made. On March 13, 2014, Plaintiff appeared at a hearing held in Spokane, Washington before Administrative Law Judge (ALJ) Timothy Mangrum. Kimberly Mullinxax,

vocational expert, also participated. Plaintiff was represented by attorney D. James Tree.

The ALJ issued a decision on July 14, 2014, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on November 12, 2015. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on January 15, 2016. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990).  If the claimant is engaged in

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 2**

substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 3**

mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 45 years old. He has previous work experience in auto mechanics. He quit working in this field in March, 2011, due to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 4**

increased pain in his shoulders. He obtained worker's compensation between 2011 and 2012.

By the time of the hearing, he had two surgeries on his left shoulder and was facing additional surgeries on his right. He explained that post-surgery he can lift a gallon of milk on to the table with his left hand. Prior to his surgery, he was experiencing pain throughout his fingers and forearm and was not able to pick up a cup of coffee. With his right hand, he can lift between 15-20 pounds without any pain to his chest. He takes Oxycontin for pain, which causes him to be drowsy during the day.

## V.    The ALJ's findings

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December, 2016.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 8, 2011, the application date. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe impairments: Status post left shoulder surgery; left shoulder acromoclavicular (AC) joint arthritis; right shoulder and upper extremity joint dysfunction; morbid obesity. (Tr. 22.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.02 (Major Dysfunction of a Joint(s)) (Tr. 24.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except: He can lift and/or carry up to 10 pounds bilaterally; sit, stand, and/or walk 6 out of 8 hours; his bilateral push/pull ability with the upper extremities is limited to occasional; he cannot climb ladders, ropes or scaffolds; he cannot crawl; he can occasionally crouch, kneel or stoop; he can reach including overhead bilaterally on an occasional basis; he can frequently handle and finger. (Tr. 25.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 5**

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 29.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30.)  Because Plaintiff's ability to perform work at all exertional levels was compromised by nonexertional limitations, the ALJ relied on the vocational expert's testimony that Plaintiff would be able to perform the requirements of representative occupations such as: bakery worker, telemarketer, and information clerk. In doing so, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (Tr. 31.)

**VI.    Issues for Review**

1.    Did the ALJ properly reject Plaintiff's testimony as not credible?

2.    Did the ALJ properly evaluate the medical opinion evidence?

**V.    Analysis**

**1.    ALJ's credibility decision**

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms but his statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

Plaintiff testified he has limited functional capabilities with his bilateral upper extremities. He has undergone 2 separate surgeries on his left arm and his range of motion with his left arm is limited and interferes with his ability to complete activities of daily living such as personal care and cooking. He also experiences significant medication side-effects including daytime fatigue. He indicated that his right arm is painful because he overcompensates with it. He does not perform house or yard work because it is too painful and he has pain if he lifts anything over 10 pounds. It is occasionally difficult for him to grasp objects.

The ALJ concluded that the medical evidence does not support his allegations.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 6**

The ALJ relied on a consultative exam performed by Dr. McLaughlin that took place in October, 2011, which concluded that while Plaintiff exhibited a reduced range of motion with his left shoulder, left shoulder joint pathology was not found to objectively support that limitation, and ultimately, the examiner concluded his complaints were non-anatomical in nature. Dr. McLaughlin also noted that although Plaintiff voiced having pain during testing, he appeared to be self-restricting his left shoulder motions and providing non-anatomical complaints regarding this area as well. The ALJ noted that Dr. McLaughlin did not find any left shoulder pathology to support these particular subjective symptoms and that Dr. McLaughlin concluded that Plaintiff's medical condition was fixed and stable at the time. He also noted that Dr. McLaughlin believed Plaintiff perceived himself to be disabled with regard to the use of his left upper extremity.

The ALJ also relied on a June, 2012 examination, although the examiner noted that he had limitations because of increased discomfort and pain around the shoulders with upper extremity muscle power evaluation. The ALJ noted that post-surgery, in December, 2013, Plaintiff had pain—free, normal range of motion with his bilateral upper extremities, and the small labral and partial rotator cuff tear was surgically repaired without complications in February, 2014.

The ALJ also relied on inconsistencies regarding Plaintiff's complaints regarding physical pain and fatigue that interferes with his daily activities, yet he has cared for both himself and his 9 year old son by completing his personal care with some difficulty, preparing simple meals daily, exercising, walking, driving, and shopping. The ALJ found that Plaintiff's receipt of unemployment benefits in 2011 through 2012 significantly diminished his credibility because he had to certify that he was ready, willing and able to work, in addition to applying for a specific number of jobs.

In determining whether a claimant's testimony regarding symptoms is credible, an ALJ must first determine if the Plaintiff has presented objective

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 7**

medical evidence of an underlying impairment that could reasonably cause the symptoms alleged. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). If there is no evidence of malingering, the ALJ can only reject the claimant's testimony about his symptoms by "offering specific, clear, and convincing reasons for doing so." *Id.* (internal citation omitted).

Here, the ALJ erred in relying on Dr. McLaughlin's opinion to find Plaintiff not credible. Dr. McLaughlin's opinions were clearly incorrect as shown by later imaging and surgical observations, and his examination was out of step with the other medical evidence of record. Additionally, the ALJ erred in discounting Plaintiff's credibility based on his daily activities. The ALJ failed to account for how the identified activities contradicted Plaintiff's limitations or by describing how he has demonstrated skills that would be transferable to a work activity. There is no apparent conflict between Plaintiff claiming that he is unable to work in a full-time competitive basis due to his shoulder limitations and his demonstrated ability to complete basic daily living activities. The ALJ erred in not crediting the numerous treating providers' opinions that Plaintiff is not capable of performing full-time competitive work. On remand, the ALJ should reconsider the use of Dr. McLaughlin's opinions in light of the other medical evidence in the record.

Finally, the ALJ erred in summarily finding that Plaintiff's receipt of unemployment benefits during the same time period for which he claimed to be disabled undermines his credibility without considering Plaintiff's explanation that he attempted to engage in retraining during this time period but he was unable to due to his physical limitations. Indeed, his treating physician medically excused him from doing computer work, noting that he would probably need more surgery. The ALJ erred in not considering Plaintiff's attempt at re-training in making his credibility determination. As Plaintiff argued, rather than indicate that Plaintiff was less than credible, it demonstrates that if Plaintiff was capable of returning to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 8**

work, he would have done so. On remand, the ALJ needs to consider the full picture regarding Plaintiff's receipt of unemployment benefits and his unsuccessful attempts to try to return to the workforce.

**2.    Medical Opinions**

Here, the ALJ erred in failing to address, and thus rejecting Dr. Griffith's opinion that Plaintiff could not reach overhead or perform repetitive pushing and pulling and also failed to consider other limitations set forth in his opinions. The ALJ also erred by misunderstanding Dr. Shaw's opinion. The ALJ erroneously concluded that Dr. Shaw believed Plaintiff's impairment was a temporary restriction. Yet, a closer reading of the opinion indicates that Dr. Shaw believed that Plaintiff could not perform any hours of work due to his conditions, and this might change in 6-12 weeks, when the surgery was to take place. On remand, the ALJ should reconsider Dr. Griffith's opinions, interpret Dr. Shaw's opinions correctly, and consider Dr. Roesler's opinion that Plaintiff was unable to perform overhead work.

**VIII.  Conclusion**

Here, the ALJ improperly discredited Plaintiff's testimony regarding his limitations by relying on Dr. McLaughlin's opinion, which were clearly incorrect as shown by imaging and surgical observations and was out of step with the other medical evidence of record. The ALJ did not consider the full record in determining whether Plaintiff's receipt of unemployment benefits adversely affected his credibility. Finally, the ALJ erred for failing to consider Dr. Griffith's complete assessment including his opinion that Plaintiff could not reach overhead as well as other treating physician's opinions concluding that Plaintiff had limitations in working full time.

Given that at the time of the hearing, Plaintiff recently had surgery and was facing more surgeries, the ALJ should consider supplementing the record to determine whether the surgeries were successful in addressing the limitations and

symptoms described by Plaintiff.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner denying benefits is **vacated** and **remanded** to the Social Security Administration for further administrative proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15th day of November 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 10**